1  CHRISTOPHER J. YOST, State Bar No. 150785
   cjyost@fedex.com
2  STACEY O. JUE, State Bar No. 231429
   stacey.jue@fedex.com
3  FEDERAL EXPRESS CORPORATION
   2601 Main Street, Suite 340
4  Irvine, California 92614
   Telephone:  (949) 862-4638
5  Facsimile:  (949) 862-4605

6  Attorneys for Defendant FEDERAL EXPRESS
   CORPORATION dba FEDEX EXPRESS,
7  erroneously sued as "FEDERAL EXPRESS" and
   "FEDEX EXPRESS"
8

**ORIGINAL FILED**
AUG 2 9 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

MJJ

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  BRIAN PATRICK TUCKER,            Case No. **C 07 4480**

13              PLAINTIFF,            DEFENDANT FEDERAL EXPRESS
                                      CORPORATION dba FEDEX
14       vs.                          EXPRESS'S NOTICE OF REMOVAL

15  FEDERAL EXPRESS; FEDEX           (DIVERSITY JURISDICTION 28 U.S.C.
    EXPRESS, and DOES 1-100,         §§ 1332, 1441 AND 1446)
16  Inclusive,
                DEFENDANTS.
17                                    Complaint Filed: February 15, 2007
                                      Trial Date: None Set
18

19

20  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

21  **PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

22       PLEASE TAKE NOTICE THAT defendant Federal Express Corporation dba

23  Fedex Express erroneously sued as "Federal Express" and "Fedex Express" ("FedEx"

24  or "Defendant") hereby removes the state action described herein, filed in the Superior

25  Court of the State of California, County of Alameda, to the United States District Court

26  for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

27  FedEx will promptly file in said Superior Court its Notice to State Court and All

28

Adverse Parties of Removal of Civil Action. A true and correct copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is attached hereto as Exhibit "A". This case is being removed based on diversity of citizenship.

The grounds for removal are as follows:

1. On February 15, 2007, an action was commenced against FedEx in the Superior Court of the State of California, County of Alameda, entitled Brian Patrick Tucker v. Federal Express; Fedex Express; Robin van Gelder; David Perry; Mark Fraser and DOES 1 through 100, Inclusive, Case No. HG07311338. Plaintiff never served this complaint on any of the defendants.

2. On July 30, 2007, Plaintiff filed his First Amended Complaint, deleting all of the individual defendants named in his original complaint. Exhibit A to the First Amended Complaint (Exhibit C) states that Plaintiff "reserves the right to seek $1,000,000.00 in punitive damages." FedEx's agent for service of process, CT Corporation, was served with a copy of the Summons and a copy of the First Amended Complaint on or about August 1, 2007. A true and correct copy of the Service of Process Transmittal Form from CT Corporation is attached hereto as Exhibit "B." True and correct copies of the Summons and the First Amended Complaint are attached hereto as Exhibit "C." True and correct copies of the Alternative Dispute Resolution Information Packet are attached hereto as Exhibit "D".

3. On August 24, 2007, Defendant received notice of Plaintiff's intent to seek damages over the amount of $75,000 when it received Plaintiff's Statement of Damages. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as Exhibit "E." Defendant also received Notice to Defendant of Scheduled Case Management. A true and correct copy of the Notice to Defendant is attached hereto as Exhibit "F." Attached Exhibits "B", "C," "D," "E," and "F" constitute all of the papers received by FedEx in the state court action.

4. On August 28, 2007, FEDEX timely filed its Answer to Plaintiff's First

1  Amended Complaint ("Answer"). A true and correct copy of the Answer is attached
2  hereto as Exhibit "G".

3      5.    Accordingly, pursuant to 28 U.S.C. section 1446(b), this Notice to Federal
4  Court of Removal is timely in that it is filed within thirty days after FEDEX was served
5  with the Summons and Complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing,*
6  *Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L. Ed. 2d 448 (1999).

7      6.    This action is a civil action on which this Court has original jurisdiction
8  under 28 U.S.C. section 1332(a)(1) and (c)(1) and is one which may be removed to this
9  Court by FEDEX pursuant to the provisions of 28 U.S.C. section 1441 (b) in that it is a
10 civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive
11 of interest and costs, and is between citizens of different states.

12     7.    Plaintiff was, at the time of commencing his action, and still is, a citizen of
13 the State of California.

14     8.    FedEx was, at the time of the filing of this action, and still is, a citizen of
15 the States of Delaware and Tennessee in that FedEx was and continues to be a
16 corporation incorporated under the laws of the State of Delaware, having its principal
17 place of business in the State of Tennessee. 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

18     9.    Defendants designated as DOES 1 to 100 are fictitious defendants, are not
19 parties to this action, have not been served and are to be disregarded for the purpose of
20 this removal. 28 U.S.C. § 1441(a). *McCabe v. General Foods Corp.*, 811 F.2d 1336,
21 1339 (9th Cir. Cal. 1987). Said defendants, therefore, need not consent to this removal.

22     10.    If a plaintiff's state court complaint is silent as to the amount of damages
23 claimed, the removing defendant need only establish that it is more probable than not
24 that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life*
25 *Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by,*
26 102 F.3d 398 (9th Cir. Cal. 1996). In an action by a single plaintiff against a single
27 defendant, all claims can be aggregated to meet the minimum jurisdictional amount.
28 *Bank of California Nat'l Asso. v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir.

Cal. 1972); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. Pa. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").

11. The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. Cal. 1998). The Court may examine the nature of the action and the relief sought, and take judicial notice of attorneys' fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id.*

12. This case is one in wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff alleges seven counts in his Complaint: (1) Wrongful Termination in Violation of Public Policy; (2) Breach of Contract; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Discrimination Based on Disability in Violation of FEHA; (5) Discrimination Based on Disability in Violation of Public Policy; (6) Discrimination Based on Race in Violation of FEHA; (7) Discrimination Based on Race in Violation of Public Policy. Exhibit C, First Amended Complaint pp. 5-38. Plaintiff seeks recovery of general and special damages, including lost wages and benefits, emotional distress damages and attorney's fees, as well as punitive damages. Exhibit C, First Amended Complaint at p. 38.

13. Moreover, as set forth in Plaintiff's Statement of Damages, attached hereto as Exhibit "E," Plaintiff alleges damages that well-exceed the sum of $75,000, which include (1) General damages for pain, suffering, and inconvenience - $250,000; (2) General damages for emotional distress - $250,000; (3) General damages for loss of reputation - $250,000; (4) General damages for destruction of civil rights - $250,000; (5) Special damages for loss of earnings (to date) - $50,000; (6) Special damages for loss of future earning capacity (present value) - $600,000; and (7) punitive damages of

4
DEFENDANT'S NOTICE OF REMOVAL

$2,000,000. Exhibit E.

14.  Furthermore, the potential punitive damage award against a defendant such as FedEx satisfies the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code §3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and defendant's net worth. *Boyle v. Lorimar Prods.*, 13 F.3d 1357 (9th Cir. Cal. 1994). Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acci. Asso*, 325 F.2d 785 (9th Cir. Or. 1963); *see also, Aucina v. Amoco Oil Co*, 871 F. Supp. 332 (S.D. Iowa 1994). In *Aucina*, the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court also noted that defendant was a Fortune 500 Company, and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Aucina*, 871 F. Supp. At 334. *See also Adams v. Murakami*, 54 Cal. 3d 105 (1991). Plaintiff's claim of lost wages and benefits, as well as his claim for additional damages, including emotional distress and punitive damages, clearly establish an amount in controversy well in excess of $75,000.00.

15.  Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. §1441(a).

16.  No bond is required for removal. 28 U.S.C. §1446(d); *Rezendes v. Dow Corning Corp.*, 717 F. Supp. 1435, 1438 n.2 (E.D. Cal. 1989) *overruled on other grounds Zogbi v. Federated Dep't Store*, 767 F. Supp. 1037, 1040 (C.D. Cal. 1991)

17.  Because there is complete diversity of citizenship between Plaintiff and Defendant FedEx and because the amount in controversy exceeds $75,000, exclusive of

1 | interest and costs, FedEx hereby removes the civil action against it in the Superior Court
2 | of the State of California, County of Alameda, to this Honorable District Court.

4 | DATED: August 29, 2007.          Respectfully submitted,

By: /s/ Stacey O. Jue
STACEY O. JUE
Attorney for Defendant FEDERAL
EXPRESS CORPORATION dba FEDEX
EXPRESS erroneously sued as "FEDERAL
EXPRESS" and "FEDEX EXPRESS"

667052