EXHIBIT "G"

1    CHRISTOPHER J. YOST, State Bar No. 150785
     cjyost@fedex.com
2    STACEY O. JUE, State Bar No. 231429
     stacey.jue@fedex.com
3    **FEDERAL EXPRESS CORPORATION**
     2601 Main Street, Suite 340
4    Irvine, California 92614
     Telephone:  (949) 862-4638
5    Facsimile:  (949) 862-4605

6    Attorneys for Defendants FEDERAL EXPRESS
     CORPORATION dba FEDEX EXPRESS
7    erroneously sued as "FEDERAL EXPRESS" and
     "FEDEX EXPRESS"

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF ALAMEDA

11

12   BRIAN PATRICK TUCKER,                   Case No.: HG07311338
                                             Assigned for All Purposes to:
13         PLAINTIFF,                        Judge Winifred Y. Smith
                                             Department 114
14   vs.
                                             **DEFENDANT FEDERAL EXPRESS**
15   FEDERAL EXPRESS; FEDEX                  **CORPORATION DBA FEDEX**
     EXPRESS, and DOES 1-100, Inclusive,    **EXPRESS'S ANSWER TO FIRST**
16                                           **AMENDED COMPLAINT**
           DEFENDANTS.
17                                           Complaint Filed:  February 15, 2007
                                             Trial Date:        Not Set
18

19   **TO PLAINTIFF BRIAN PATRICK TUCKER AND HIS COUNSEL OF RECORD:**

20         Defendant Federal Express Corporation dba FedEx Express, erroneously sued as "Federal

21   Express" and "FedEx Express", (hereinafter "Defendant" or "FedEx") submits this Answer and

22   Affirmative Defenses to Plaintiff Brian Patrick Tucker's ("Plaintiff") verified First Amended

23   Complaint ("Complaint") as follows:

24   ///

25   ///

26   ///

27   ///

28

FEDERAL EXPRESS
CORPORATION
601 MAIN STREET
SUITE 340
IRVINE, CA 92614

                                        - 1 -
EXHIBIT  G , PAGE 58
                    ANSWER TO FIRST AMENDED COMPLAINT

## ANSWER

## FACTS COMMON TO ALL CAUSES OF ACTION

1.    Defendant admits that Plaintiff was hired on October 8, 2001 as a handler and his last day worked was February 8, 2006. Defendant denies the remaining allegations contained in Paragraph 1 of the First Amended Complaint.

2.    Defendant was erroneously named by Plaintiff in his First Amended Complaint as "Federal Express" and "FedEx Express". Defendant admits that it is a corporation licensed to do business in California, and that its principal place of business is Memphis, Tennessee. Defendant denies the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3.    Defendant was erroneously named by Plaintiff in his First Amended Complaint as "Federal Express" and "FedEx Express". Defendant admits that it is a corporation licensed to do business in California, and that its principal place of business is Memphis, Tennessee. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 3 of the First Amended Complaint.

4.    Defendant denies the allegations contained in Paragraph 4 of the First Amended Complaint.

5.    Defendant denies the allegations contained in Paragraph 5 of the First Amended Complaint.

## GENERAL ALLEGATIONS

6.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the First Amended Complaint; and therefore, denies same. By way of further answer, to the extent the allegations contained in Paragraph 6 of the First Amended Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

7.    Defendant admits that Plaintiff was hired on October 8, 2001 as a handler at the Oakland facility. Except as specifically admitted, Defendant denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.

8.    Defendant admits that Plaintiff was issued formal written discipline in accordance with FedEx Policies. Defendant also admits that Plaintiff was terminated on February 15, 2006.

EXHIBIT ___G___, PAGE 59

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

- 2 -
ANSWER TO FIRST AMENDED COMPLAINT

1  Except as specifically admitted, Defendant denies the allegations in Paragraph 8 of the First Amended
2  Complaint.

3      9.      Defendant admits that Plaintiff was issued formal written discipline in accordance
4  with FedEx Policies. Defendant also admits that Plaintiff was terminated on February 15, 2006.
5  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 9 of the First
6  Amended Complaint.

7      10.     Defendant denies the allegations contained in Paragraph 10 of the First Amended
8  Complaint.

9      11.     Defendant is without knowledge or information sufficient to admit or deny the
10  allegations contained in Paragraph 11 of the First Amended Complaint; and therefore, denies same.
11  By way of further answer, to the extent the allegations contained in Paragraph 11 of the First Amended
12  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

13                          **FIRST CAUSE OF ACTION**

14      12.     Defendant hereby incorporates by reference its response to Paragraphs 1 through 11 of
15  the First Amended Complaint as if fully set forth herein.

16      13.     Defendant hereby incorporates by reference its response to "any and all other sentences
17  or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of
18  action" of the First Amended Complaint as if fully set forth herein.

19      14.     Defendant denies the allegations contained in Paragraph 14 of the First Amended
20  Complaint.

21      15.     Defendant denies the allegations contained in Paragraph 15 of the First Amended
22  Complaint.

23      16.     Defendant denies the allegations contained in Paragraph 16 of the First Amended
24  Complaint.

25      17.     Defendant admits that Plaintiff was hired on October 8, 2001 as a handler and was
26  terminated on February 15, 2006. Defendant is without knowledge or information sufficient to admit
27  or deny the remaining allegations contained in Paragraph 17 of the First Amended Complaint; and
28  therefore, denies same. By way of further answer, to the extent the allegations contained in Paragraph

FEDERAL EXPRESS
CORPORATION
2001 MAIN STREET
SUITE 940
IRVINE, CA 92614

- 3 -
ANSWER TO FIRST AMENDED COMPLAINT

EXHIBIT ___ , PAGE 60

1  17 of the First Amended Complaint allege any wrongdoing on the part of Defendant, such allegations

2  are denied.

3      18.    Defendant is without knowledge or information sufficient to admit or deny the

4  allegations contained in Paragraph 18 of the First Amended Complaint; and therefore, denies same.

5  By way of further answer, to the extent the allegations contained in Paragraph 18 of the First Amended

6  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

7      19.    Defendant is without knowledge or information sufficient to admit or deny the

8  allegations contained in Paragraph 19 of the First Amended Complaint; and therefore, denies same.

9  By way of further answer, to the extent the allegations contained in Paragraph 19 of the First Amended

10  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

11      20.    Defendant denies the allegations contained in Paragraph 20 of the First Amended

12  Complaint.

13      21.    Defendant denies the allegations contained in Paragraph 16 of the First Amended

14  Complaint.

15      22.    Plaintiff's allegations in Paragraph 22 are conclusory statements of law rather than of

16  fact and do not require any response from Defendant. To extent that an answer is required, Defendant

17  denies the allegations contained in Paragraph 22 of the First Amended Complaint.

18      23.    Defendant is without knowledge or information sufficient to admit or deny the

19  allegations contained in Paragraph 23 of the First Amended Complaint; and therefore, denies same.

20  By way of further answer, to the extent the allegations contained in Paragraph 23 of the First Amended

21  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

22      24.    Defendant is without knowledge or information sufficient to admit or deny the

23  allegations contained in Paragraph 24 of the First Amended Complaint; and therefore, denies same.

24  By way of further answer, to the extent the allegations contained in Paragraph 24 of the First Amended

25  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

26      25.    Defendant is without knowledge or information sufficient to admit or deny the

27  allegations contained in Paragraph 25 of the First Amended Complaint; and therefore, denies same.

28  By way of further answer, to the extent the allegations contained in Paragraph 25 of the First Amended

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340

- 4 -

EXHIBIT  G    PAGE 61

1   Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

2         26.   Defendant is without knowledge or information sufficient to admit or deny the

3   allegations contained in Paragraph 26 of the First Amended Complaint; and therefore, denies same.

4   By way of further answer, to the extent the allegations contained in Paragraph 26 of the First Amended

5   Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

6         27.   Defendant denies the allegations contained in Paragraph 27 of the First Amended

7   Complaint.

8         28.   Defendant denies the allegations contained in Paragraph 28 of the First Amended

9   Complaint.

10        29.   Defendant denies the allegations contained in Paragraph 29 of the First Amended

11   Complaint.

12        30.   Defendant denies the allegations contained in Paragraph 30 of the First Amended

13   Complaint.

14        31.   Defendant admits that Plaintiff was issued discipline in accordance with FedEx

15   Policies. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 31

16   of the First Amended Complaint.

17        32.   Defendant denies the allegations contained in Paragraph 32 of the First Amended

18   Complaint.

19        33.   Defendant is without knowledge or information sufficient to admit or deny the

20   allegations contained in Paragraph 33 of the First Amended Complaint; and therefore, denies same.

21   By way of further answer, to the extent the allegations contained in Paragraph 33 of the First Amended

22   Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

23        34.   Defendant admits that Plaintiff was issued formal written discipline in accordance

24   with FedEx Policies. Defendant also admits that Plaintiff was terminated on February 15, 2006.

25   Except as specifically admitted, Defendant denies the allegations in Paragraph 34 of the First

26   Amended Complaint.

27        35.   Defendant denies the allegations contained in Paragraph 35 of the First Amended

28   Complaint.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340

EXHIBIT ___G___, PAGE 62

36.    Plaintiff's allegations in Paragraph 36 are conclusory statements of law rather than of fact and do not require any response from Defendant. To extent that an answer is required, Defendant denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.    Plaintiff's allegations in Paragraph 37 are conclusory statements of law rather than of fact and do not require any response from Defendant. To extent that an answer is required, Defendant denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38.    Plaintiff's allegations in Paragraph 38 are conclusory statements of law rather than of fact and do not require any response from Defendant. To extent that an answer is required, Defendant denies the allegations contained in Paragraph 38 of the First Amended Complaint.

39.    Plaintiff's allegations in Paragraph 39 are conclusory statements of law rather than of fact and do not require any response from Defendant. To extent that an answer is required, Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40.    Plaintiff's allegations in Paragraph 40 are conclusory statements of law rather than of fact and do not require any response from Defendant. To extent that an answer is required, Defendant denies the allegations contained in Paragraph 40 of the First Amended Complaint.

41.    Defendant admits that Plaintiff was issued discipline in accordance with FedEx Policies. Except as specifically admitted, Defendant denies the allegations contained in Paragraph 41 of the First Amended Complaint.

42.    Defendant denies the allegations contained in Paragraph 42 of the First Amended Complaint.

43.    Defendant denies the allegations contained in Paragraph 43 of the First Amended Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of the First Amended Complaint.

45.    Defendant denies the allegations contained in Paragraph 45 of the First Amended Complaint.

46.    Defendant denies the allegations contained in Paragraph 46 of the First Amended Complaint.

EXHIBIT ___G___, PAGE _63_

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340

ANSWER TO FIRST AMENDED COMPLAINT

1          **SECOND CAUSE OF ACTION**

2          47.    Defendant hereby incorporates by reference its response to Paragraphs 1 through 46 of

3     the First Amended Complaint as if fully set forth herein.

4          48.    Defendant hereby incorporates by reference its response to "any and all other sentences

5     or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

6     action" of the First Amended Complaint as if fully set forth herein.

7          49.    Defendant denies the allegations contained in Paragraph 49 of the First Amended

8     Complaint.

9          50.    Defendant admits that Plaintiff's former employment with FedEx was at-will.  Except as

10    specifically admitted, Defendant denies the allegations in Paragraph 50 of the First Amended

11    Complaint.

12         51.    Defendant denies the allegations contained in Paragraph 51 of the First Amended

13    Complaint.

14         52.    Defendant is without knowledge or information sufficient to admit or deny the

15    allegations contained in Paragraph 52 of the First Amended Complaint; and therefore, denies same.

16    By way of further answer, to the extent the allegations contained in Paragraph 52 of the First Amended

17    Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

18         53.    Defendant denies the allegations contained in Paragraph 53 of the First Amended

19    Complaint.

20         54.    Defendant admits that Plaintiff's former employment with FedEx was at-will.  Except as

21    specifically admitted, Defendant denies the allegations contained in Paragraph 54 of the First

22    Amended Complaint.

23         55.    Defendant denies the allegations contained in Paragraph 55 of the First Amended

24    Complaint.

25         56.    Defendant denies the allegations contained in Paragraph 56 of the First Amended

26    Complaint.

27         57.    Defendant denies the allegations contained in Paragraph 57 of the First Amended

28    Complaint.                                    EXHIBIT G , PAGE 64

1   58.   Defendant denies the allegations contained in Paragraph 58 of the First Amended

2   Complaint.

3   59.   Defendant denies the allegations contained in Paragraph 58 of the First Amended

4   Complaint.

5   60.   Defendant denies the allegations contained in Paragraph 60 of the First Amended

6   Complaint.

7   61.   Defendant denies the allegations contained in Paragraph 61 of the First Amended

8   Complaint.

9   62.   Defendant denies the allegations contained in Paragraph 62 of the First Amended

10  Complaint.

11  63.   Defendant denies the allegations contained in Paragraph 63 of the First Amended

12  Complaint.

13  64.   Defendant denies the allegations contained in Paragraph 64 of the First Amended

14  Complaint.

15  65.   Defendant is without knowledge or information sufficient to admit or deny the

16  allegations contained in Paragraph 65 of the First Amended Complaint; and therefore, denies same.

17  By way of further answer, to the extent the allegations contained in Paragraph 65 of the First Amended

18  Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

19  66.   Defendant admits that Plaintiff's last day of work was February 8, 2006.  Defendant

20  admits that Plaintiff was issued formal written discipline in accordance with FedEx Policies.

21  Defendants issued a warning letter dated February 15, 2006 for violation of the Acceptable

22  Conduct policy.  Defendant admits that Plaintiff was terminated on February 15, 2006 in accordance

23  with FedEx policy.  Except as specifically admitted, Defendant denies the allegations in Paragraph 66

24  of the First Amended Complaint.

25  67.   Defendant denies the allegations contained in Paragraph 67 of the First Amended

26  Complaint.

27  68.   Defendant denies the allegations contained in Paragraph 68 of the First Amended

28  Complaint.

EXHIBIT  G , PAGE 65

1    69.    Defendant denies the allegations contained in Paragraph 69 of the First Amended

2  Complaint.

3    70.    Defendant denies the allegations contained in Paragraph 70 of the First Amended

4  Complaint.

5  **THIRD CAUSE OF ACTION**

6    71.    Defendant hereby incorporates by reference its response to Paragraphs 1 through 71 of

7  the First Amended Complaint as if fully set forth herein.

8    72.    Defendant hereby incorporates by reference its response to "any and all other sentences

9  or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

10  action" of the First Amended Complaint as if fully set forth herein.

11    73.    Defendant denies the allegations contained in Paragraph 73 of the First Amended

12  Complaint.

13    74.    Defendant denies the allegations contained in Paragraph 74 of the First Amended

14  Complaint.

15    75.    Defendant denies the allegations contained in Paragraph 75 of the First Amended

16  Complaint.

17    76.    Defendant denies the allegations contained in Paragraph 76 of the First Amended

18  Complaint.

19    77.    Defendant denies the allegations contained in Paragraph 77 of the First Amended

20  Complaint.

21    78.    Defendant denies the allegations contained in Paragraph 78 of the First Amended

22  Complaint.

23    79.    Defendant denies the allegations contained in Paragraph 79 of the First Amended

24  Complaint.

25    80.    Defendant denies the allegations contained in Paragraph 80 of the First Amended

26  Complaint.

27    81.    Defendant denies the allegations contained in Paragraph 81 of the First Amended

28  Complaint.

EXHIBIT ___G___, PAGE 66

- 9 -

1    82.    Defendant is without knowledge or information sufficient to admit or deny the

2    allegations contained in Paragraph 82 of the First Amended Complaint; and therefore, denies same.

3    By way of further answer, to the extent the allegations contained in Paragraph 82 of the First Amended

4    Complaint allege any wrongdoing on the part of Defendant, such allegations are denied.

5    83.    Defendant denies the allegations contained in Paragraph 83 of the First Amended

6    Complaint.

7    84.    Defendant denies the allegations contained in Paragraph 83 of the First Amended

8    Complaint.

9    85.    Defendant denies the allegations contained in Paragraph 85 of the First Amended

10   Complaint.

11   86.    Defendant denies the allegations contained in Paragraph 86 of the First Amended

12   Complaint.

13                         **FOURTH CAUSE OF ACTION**

14   87.    Defendant hereby incorporates by reference its response to Paragraphs 1 through 86 of

15   the First Amended Complaint as if fully set forth herein.

16   88.    Defendant hereby incorporates by reference its response to "any and all other sentences

17   or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

18   action" of the First Amended Complaint as if fully set forth herein.

19   89.    Defendant denies the allegations contained in Paragraph 89 of the First Amended

20   Complaint.

21   90.    Defendant denies the allegations contained in Paragraph 90 of the First Amended

22   Complaint.

23   91.    Defendant denies the allegations contained in Paragraph 91 of the First Amended

24   Complaint.

25   92.    Defendant admits that Plaintiff was issued formal written discipline in accordance

26   with FedEx Policies. Except as specifically admitted, Defendant denies the allegations in Paragraph

27   92 of the First Amended Complaint.

28   93.    Defendant admits that Plaintiff was issued formal written discipline in accordance

FEDERAL EXPRESS
CORPORATION

1   with FedEx Policies. Except as specifically admitted, Defendant denies the allegations in Paragraph

2   93 of the First Amended Complaint.

3       94.   Defendant denies the allegations contained in Paragraph 94 of the First Amended

4   Complaint.

5       95.   Defendant denies the allegations contained in Paragraph 95 of the First Amended

6   Complaint.

7       96.   Defendant denies the allegations contained in Paragraph 96 of the First Amended

8   Complaint.

9       97.   Defendant denies the allegations contained in Paragraph 97 of the First Amended

10   Complaint.

11       98.   Defendant denies the allegations contained in Paragraph 98 of the First Amended

12   Complaint.

13                          **FIFTH CAUSE OF ACTION**

14       99.   Defendant hereby incorporates by reference its response to Paragraphs 1 through 98 of

15   the First Amended Complaint as if fully set forth herein.

16       100.   Defendant hereby incorporates by reference its response to "any and all other sentences

17   or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

18   action" of the First Amended Complaint as if fully set forth herein.

19       101.   Defendant denies the allegations contained in Paragraph 101 of the First Amended

20   Complaint.

21       102.   Defendant denies the allegations contained in Paragraph 102 of the First Amended

22   Complaint.

23       103.   Defendant denies the allegations contained in Paragraph 103 of the First Amended

24   Complaint.

25       104.   Defendant denies the allegations contained in Paragraph 104 of the First Amended

26   Complaint.

27                          **SIXTH CAUSE OF ACTION**

28       105.   Defendant hereby incorporates by reference its response to Paragraphs 1 through 104 of.

1    the First Amended Complaint as if fully set forth herein.

2        106.   Defendant hereby incorporates by reference its response to "any and all other sentences

3    or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

4    action" of the First Amended Complaint as if fully set forth herein.

5        107.   Defendant denies the allegations contained in Paragraph 107 of the First Amended

6    Complaint.

7        108.   Defendant denies the allegations contained in Paragraph 108 of the First Amended

8    Complaint.

9        109.   Defendant denies the allegations contained in Paragraph 109 of the First Amended

10   Complaint.

11       110.   Defendant denies the allegations contained in Paragraph 110 of the First Amended

12   Complaint.

13       111.   Defendant denies the allegations contained in Paragraph 111 of the First Amended

14   Complaint.

15       112.   Defendant denies the allegations contained in Paragraph 112 of the First Amended

16   Complaint.

17       113.   Defendant denies the allegations contained in Paragraph 113 of the First Amended

18   Complaint.

19       114.   Defendant admits that Plaintiff was terminated on February 15, 2006 according to

20   FedEx Policy. Except as specifically admitted, Defendant denies the allegations contained in

21   Paragraph 114 of the First Amended Complaint.

22       115.   Defendant denies the allegations contained in Paragraph 115 of the First Amended

23   Complaint.

24       116.   Defendant denies the allegations contained in Paragraph 116 of the First Amended

25   Complaint.

26       117.   Defendant denies the allegations contained in Paragraph 117 of the First Amended

27   Complaint.

28    ·   118.   Defendant denies the allegations contained in Paragraph 118 of the First Amended

EXHIBIT G    PAGE 69

1    Complaint.

2        119.  Defendant denies the allegations contained in Paragraph 119 of the First Amended

3    Complaint.

4        120.  Defendant denies the allegations contained in Paragraph 120 of the First Amended

5    Complaint.

6        121.  Defendant denies the allegations contained in Paragraph 121 of the First Amended

7    Complaint.

8                            **SEVENTH CAUSE OF ACTION**

9        122.  Defendant hereby incorporates by reference its response to Paragraphs 1 through 121 of

10   the First Amended Complaint as if fully set forth herein.

11       123.  Defendant hereby incorporates by reference its response to "any and all other sentences

12   or paragraphs inclusive that may contain allegations or information that is pertinent to this cause of

13   action as though they were written in their entirety and specifically includes paragraphs 107 through

14   117" of the First Amended Complaint as if fully set forth herein.

15       124.  Defendant denies the allegations contained in Paragraph 124 of the First Amended

16   Complaint.

17       125.  Defendant denies the allegations contained in Paragraph 125 of the First Amended

18   Complaint.  ..

19       126.  Defendant denies the allegations contained in Paragraph 126 of the First Amended

20   Complaint.

21       127.  Defendant denies the allegations contained in Paragraph 127 of the First Amended

22   Complaint.

23       128.  Defendant denies the allegations contained in Paragraph 128 of the First Amended

24   Complaint.

25                              **PRAYER FOR RELIEF**

26       Defendant denies that Plaintiff is entitled to any relief sought in the First Amended

27   Complaint or has suffered any damages whatsoever and therefore denies the allegations contained in

28   all Paragraphs contained in Plaintiff's Prayer for Relief and subparagraphs 1 - 6 therein of the First

1   Amended Complaint. Defendant prays that the Court dismiss Plaintiff's First Amended Complaint

2   and that all costs be taxed to Plaintiff, and for such other and further relief as the Court may deem

3   just and equitable.

4                           **AFFIRMATIVE AND OTHER DEFENSES**

5          As separate, distinct, and affirmative defenses to Plaintiff's Complaint, and to the purported

6   causes of action therein, Defendant alleges and avers the following:

7                              **FIRST AFFIRMATIVE DEFENSE**

8          The First Amended Complaint, and each purported cause of action contained therein, fails to

9   state facts sufficient to constitute a cause of action against Defendant.

10                            **SECOND AFFIRMATIVE DEFENSE**

11         The First Amended Complaint, and each purported cause of action contained therein, is barred,

12  in whole or in part, because Defendant had an honest, reasonable, good faith belief in the facts on which

13  it, and/or its agents and/or employees, based their acts, omissions and conduct taken with respect to

14  Plaintiff and all acts were undertaken for legitimate, non-discriminatory and non-retaliatory business

15  reasons and were not in violation of any law or FedEx policy.

16                             **THIRD AFFIRMATIVE DEFENSE**

17         The First Amended Complaint, and each purported cause of action contained therein, is barred

18  in whole or in part, because the injuries and damages allegedly incurred by Plaintiff were not the result

19  of any acts, omissions or other conduct of Defendant, and/or its agents and/or employees, nor the

20  conditions of Plaintiff's work environment.

21                            **FOURTH AFFIRMATIVE DEFENSE**

22         The First Amended Complaint, and each purported cause of action contained therein, is barred

23  in whole or in part, because Plaintiff's Complaint, and each purported cause of action contained

24  therein, is barred in whole or in part, by his status as an "at-will" employee, said status being

25  established by California law, numerous statements of said status in FedEx's employee handbook

26  and acknowledgments signed by Plaintiff.

27                             **FIFTH AFFIRMATIVE DEFENSE**

28         The First Amended Complaint, and each purported cause of action contained therein, is

EXHIBIT ____G____ , PAGE _7__

- 14 -

FEDERAL EXPRESS

1  barred, in whole or in part, by virtue of the doctrine of unclean hands.

2  ### SIXTH AFFIRMATIVE DEFENSE

3  The First Amended Complaint, and each purported cause of action contained therein, is

4  barred, in whole or in part, by the applicable statute of limitations, including, but not limited to,

5  California Civil Code of Procedure §§ 335.1, 337, 338(a), 339 and/or 340 and 343, Labor Code §

6  1197.5, and Government Code §§ 12960 and 12965 as well as any other applicable statute of

7  limitation.

8  ### SEVENTH AFFIRMATIVE DEFENSE

9  The First Amended Complaint, and each purported cause of action contained therein, is

10  barred, in whole or in part, because Plaintiff breached his duty of reasonable care, good faith and

11  loyalty to FedEx. California Labor Code §§ 2854, 2856 and 2859.

12  ### EIGHTH AFFIRMATIVE DEFENSE

13  The First Amended Complaint, and each purported cause of action contained therein, is

14  barred, in whole or in part, by the doctrine of waiver because of Plaintiff's negligent or improper

15  conduct, acts and omissions.

16  ### NINTH AFFIRMATIVE DEFENSE

17  The acts, omissions or other conduct alleged in the First Amended Complaint, and each

18  purported cause of action contained therein, was based on reasonable, non-discriminatory factors and

19  was free from unlawful discrimination or violation of public policy of any kind.

20  ### TENTH AFFIRMATIVE DEFENSE

21  Plaintiff is estopped from recovering damages pursuant to the First Amended Complaint, and

22  each purported cause of action contained therein, by his acts, omissions or other conduct, including, but

23  not limited to, his failure to utilize or otherwise exhaust his remedies under FedEx's internal complaint

24  procedure by, among other things, failing to complain of the acts, omissions and conduct alleged in a

25  timely fashion.

26  ### ELEVENTH AFFIRMATIVE DEFENSE

27  The First Amended Complaint, and each purported cause of action contained therein, is

28  barred, in whole or in part, because Plaintiff failed to fully and timely exhaust his required statutory

FEDERAL EXPRESS
CORPORATION

EXHIBIT ___ PAGE 72

1  administrative remedies prior to commencing suit.

2  ### TWELFTH AFFIRMATIVE DEFENSE

3       The First Amended Complaint, and each purported cause of action contained therein, is

4  barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed filing

5  this action, thereby prejudicing Defendant.

6  ### THIRTEENTH AFFIRMATIVE DEFENSE

7       The First Amended Complaint, and each purported cause of action contained therein, in

8  whole or in part, and any recovery on Plaintiff's Complaint, is barred by Plaintiff's failure to

9  satisfactorily perform his job responsibilities and otherwise conduct himself in accordance with the

10  standards and policies of FedEx.

11  ### FOURTEENTH AFFIRMATIVE DEFENSE

12       Plaintiff has failed to mitigate or reasonably attempt to mitigate his damages, if any, as required

13  by law.

14  ### FIFTEENTH AFFIRMATIVE DEFENSE

15       Plaintiff has not suffered an adverse tangible employment action or as a result of any alleged

16  discrimination or retaliation.

17  ### SIXTEENTH AFFIRMATIVE DEFENSE

18       Defendant alleges that all conduct of its managers and supervisors, if any, was protected by

19  the managerial privilege and/or otherwise privileged under California law (Civil Code Section 47 et

20  seq.) and that all actions taken with respect to Plaintiff's employment were undertaken and exercised

21  with proper managerial discretion and/or justified by legitimate and substantial business reasons.

22  ### SEVENTEENTH AFFIRMATIVE DEFENSE

23       Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

24  ### EIGHTEENTH AFFIRMATIVE DEFENSE

25       Plaintiff is not entitled to recover any punitive or exemplary damages and any allegations

26  with respect thereto should be stricken because Plaintiff has failed to plead and can not prove facts

27  sufficient to support allegations of oppression, fraud and/or malice, nor can he show advance

28  knowledge, conscious disregard, authorization, and/or ratification by an officer, director, or

EXHIBIT ___G___, PAGE _73_

FEDERAL EXPRESS

16

1    managing agent of FedEx. California Labor Code, § 3294.

2    ## NINETEENTH AFFIRMATIVE DEFENSE

3        Plaintiff's claims for punitive damages against Defendant can not be sustained because any

4    award of exemplary or punitive damages under California law without proof of every element

5    beyond a reasonable doubt, and any award of exemplary or punitive damages not subject to a

6    predetermined limit, would violate Defendant' rights under the Fourth, Fifth, Sixth, Eighth and

7    Fourteenth Amendments to the United States Constitution, and Article I, § 7 of the California

8    Constitution, and would be improper under the common and statutory law, as well as the public

9    policies, of the State of California, including California Civil Code § 3294 and the California

10   Supreme Court's decision in *Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988).

11   ## TWENTIETH AFFIRMATIVE DEFENSE

12       Plaintiff's claims for punitive damages are barred as a result of Defendant's good faith efforts

13   to comply with applicable anti-harassment and discrimination laws.

14   ## TWENTY-FIRST AFFIRMATIVE DEFENSE

15       Plaintiff's claims for punitive damages are barred because California's laws regarding the

16   alleged conduct in question in this action are too vague to permit the imposition of punitive

17   damages, and because California's laws, rules and procedures regarding punitive damages deny due

18   process, impose criminal penalties without the requisite protection, violate the Eighth and Fourteenth

19   Amendments of the United States Constitution and place an unreasonable burden on interstate

20   commerce.

21   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

22       Plaintiff's claims for special damages are barred because Plaintiff has failed to allege such

23   damages with the requisite specificity.

24   ## TWENTY-THIRD AFFIRMATIVE DEFENSE

25       Any and all claims asserted by Plaintiff based in whole or in part upon alleged physical,

26   emotional, economic or other injury or distress are barred because Plaintiff's sole and exclusive

27   remedy for such injuries, if any, is governed by the California Workers' Compensation laws ("Act"),

28   because Plaintiff's claims occurred at a time when (a) Defendant and Plaintiff were subject to the

EXHIBIT ___G___, PAGE __74__

1    compensation provisions of the Act, (b) Plaintiff was performing services growing out of and

2    incidental to his employment, and (c) the injuries complained of by Plaintiff in this action allegedly

3    were caused by his employment. *California Labor Code*, § 3600, et seq.

4                        **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

5          To the extent any agent of FedEx intentionally or negligently inflicted emotional distress on

6    Plaintiff (Defendant denies that this happened), said agent was acting outside the scope of his/her

7    employment and without the knowledge, authority and/or consent of FedEx.

8                         **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9          Plaintiff was not the victim of any conduct so shocking in character, or so extreme in degree,

10   that a person of normal sensibilities would consider the conduct outrageous.

11                        **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

12         To the extent that Plaintiff has suffered the damages alleged in any of the causes of action

13   asserted in his Complaint, Plaintiff's own negligence and/or willful misconduct directly and

14   proximately caused or contributed to some or all of the damages claimed.

15                        **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

16         To the extent that Plaintiff has suffered physical injuries and/or emotional distress, Plaintiff's

17   injuries or damages, if any, were caused by factors unrelated to the conditions of his work

18   environment and/or resulted from a preexisting physical or mental condition.

19                        **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

20         Plaintiff is not entitled to pre-judgment interest in this matter because his claims do not

21   qualify for such interest. *California Labor Code*, §§ 3287 and 3288.

22                        **TWENTY-NINTH AFFIRMATIVE DEFENSE**

23         Plaintiff's claim of wrongful termination in violation of public policy is barred because

24   Plaintiff cannot prove a violation of the statute or constitutional provision upon which the claim is

25   based.

26                        **THIRTIETH AFFIRMATIVE DEFENSE**

27         Defendant is entitled to set off any recovery Plaintiff receives or received under the

28   California Workers' Compensation Act and/or California's State Disability Insurance Act for injuries

EXHIBIT ___G___, PAGE 7

1   or damages alleged in the First Amended Complaint against any damages award to him in this

2   action, if any.

3                          **THIRTY-FIRST AFFIRMATIVE DEFENSE**

4         Without admitting that the contract alleged by Plaintiff actually existed, Defendant alleges

5   and avers that there was a failure of consideration on the part of Plaintiff with respect to any such

6   contract and thus Defendant's performance therefore was excused.

7                        **THIRTY-SECOND AFFIRMATIVE DEFENSE**

8         Defendant avers that Plaintiff failed and/or refused to perform all conditions precedent to any

9   alleged, but contested, oral, written or implied contract of employment.

10                      **THIRTY-THIRD AFFIRMATIVE DEFENSE**

11         Plaintiff could not reasonably have detrimentally relied upon Defendant's policies or

12   procedures as contractual.

13                    **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

14         None of Defendant's manuals, handbooks, policies, or procedures are contractual, and no

15   contract existed between Plaintiff and Defendant.

16                      **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

17         Plaintiff understood that the provisions of the Employee Handbook and Personnel Policies

18   and Procedures Manual were not contractual, and therefore, Plaintiff is estopped from claiming that

19   any provisions or policies included therein were contractual.

20                      **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

21         The Federal Express Personnel Policies and Procedures Manual and the Employee Handbook

22   contain adequate disclaimers that no contract is formed by any of their provisions and that Plaintiff's

23   employment was at will, and therefore Plaintiff is estopped from claiming that any provisions or

24   policies included therein were contractual.

25                    **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

26         Plaintiff is limited to contract damages on his breach of contract claims.

27                    **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

28         The liability of Defendant for the non-economic damages claimed by Plaintiff is limited by

1    Civil Code § 1431.1 and 1431.2, et seq.

2                   **THIRTY-NINTH AFFIRMATIVE DEFENSE**

3         Plaintiff's claims are barred by virtue of the doctrine of after acquired evidence because of

4    misrepresentations contained in his employment applications and/or supporting documents and/or

5    his conduct during the course of his employment with Defendant.

6                   **FORTIETH AFFIRMATIVE DEFENSE**

7         Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant can not

8    fully anticipate all defenses that may be applicable to the within action. Accordingly, the right to

9    assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

10                          **PRAYER FOR RELIEF**

11        WHEREFORE, Defendant requests that this Court enter judgment in its favor as follows:

12        1.      That the First Amended Complaint herein, and each purported cause of action

13    contained therein, be dismissed with prejudice, and that judgment be entered for Defendant;

14        2.      That Plaintiff take nothing;

15        3.      That Defendant be awarded its costs of suit herein; and

16        4.      That Defendant be awarded such other and further relief that the Court may deem just

17    and proper.

18    Dated: August 28, 2007.                    Respectfully submitted,

19

20

21                                               Stacey O. Jue
                                                 Attorney for Defendants FEDERAL EXPRESS
22                                               CORPORATION dba FEDEX EXPRESS erroneously
                                                 sued as "FEDERAL EXPRESS" and "FEDEX
23                                               EXPRESS"
      659788
24

25

26

27

28

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340

                                   EXHIBIT __G__, PAGE 72

                                        - 20 -
                        ANSWER TO FIRST AMENDED COMPLAINT

1

# PROOF OF SERVICE

2

3

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is FedEx Express, 2601 Main Street, Suite 340, Irvine, California 92614.

4

5

On August 2⁄8, 2007, I served the within document(s):

6

## DEFENDANT FEDERAL EXPRESS CORPORATION DBA FEDEX EXPRESS'S ANSWER TO FIRST AMENDED COMPLAINT

7

8

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

9

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

10

☐ by arranging with OC Corporate Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

11

12

13

☒ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California in accordance with Federal Express Corporation's ordinary business practices.

14

15

16

**Brian Patrick Tucker**
**14178 Tiburon Road**
**San Leandro CA 94577**
**Tel: 510-315-0497**

17

18

☒ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

☐ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

21

Executed on August 2⁄8, 2007, at Irvine, California.

22

23

Kathy Miller

24

25

26

27

28

EXHIBIT __G__, PAGE _78_

- 21 -
ANSWER TO FIRST AMENDED COMPLAINT

1

## CERTIFICATE OF SERVICE

2     I declare that I am employed with the Legal Department of Federal Express Corporation "Fed

3  Ex", whose address is 2601 Main Street, Suite 340, Irvine, California 92614. I am not a party to the

4  within cause, and I am over the age of eighteen years.

5     I further declare that on August 29, 2007, I served a copy of:

6
## DEFENDANT FEDERAL EXPRESS CORPORATION'S
## NOTICE OF REMOVAL
7

8  [X]  **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true
copy thereof enclosed in a sealed envelope with delivery fees provided for,
9    addressed as follows, for collection by Fed Ex Express, at 2601 Main Street, suite
340, Irvine, California 92614 in accordance with Fed Ex's ordinary business
10  practices.

11  I am readily familiar with Fed Ex's practice for collection and processing of
correspondence for overnight delivery and know that in the ordinary course of Fed
12  Ex's business practice the document(s) described above will be deposited in a box
or other facility regularly maintained by Fed Ex Express or delivered to an
13  authorized courier or driver authorized by Fed Ex Express to receive documents on
14  the same date that it (they) is are placed at Fed Ex for collection.

15

16
**Brian Patrick Tucker**
**14178 Tiburon Road**
17
**San Leandro CA 94577**
**Tel: 510-315-0497**
18

19    I declare under penalty of perjury that the foregoing is true and correct.   I declare that I am
employed in the office of a member of the bar of this court at whose direction the service was made.

20    Executed at Irvine, California, this 29th day of August, 2007.

21

22

23

24    Kathy Miller                 _Kathy Miller_
25     (typed)                     (signature)

26

27

28

7