CHRISTOPHER J. YOST, State Bar No. 150785
cjyost@fedex.com
STACEY O. JUE, State Bar No. 231429
stacey.jue@fedex.com
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: (949) 862-4638
Facsimile: (949) 862-4605

Attorneys for Defendant FEDERAL EXPRESS
CORPORATION dba FEDEX EXPRESS
erroneously sued as "FEDERAL EXPRESS" and
"FEDEX EXPRESS"

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN PATRICK TUCKER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>FEDERAL EXPRESS; FEDEX EXPRESS, and DOES 1-100, Inclusive,<br><br>　　　　　Defendants. | Case No.: C 07-04480 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT SUBMITTED INDIVIDUALLY BY DEFENDANTS**<br><br>Complaint Filed: February 15, 2007<br>Trial Date: November 3, 2008 |

Defendant Federal Express Corporation (hereinafter referred to as "Defendant" or "FedEx"), by and through undersigned counsel, submit the following Joint Case Management Statement as Defense counsel attempted to contact Plaintiff Tucker on two occasions to meet and confer. To date, Plaintiff has not responded. As required by the Court's Order dated March 6, 2008, Defendants individually submit this Joint

Case Management Conference Statement based on the parties previously submitted Statement filed on November 19, 2007:

1. **Jurisdiction and Service:**

This Court has jurisdiction over Plaintiff's claims because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states—i.e., 42 U.S.C. § 1332(a)(1) and (c)(1) and 28 U.S.C. § 1441(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. The parties agree that this Court is the proper venue for this matter and that this Court has personal jurisdiction over the parties. Plaintiff served FedEx's designated agent for service of process.

2. **Facts:**

The parties are still in the early phases and reserve the right to amend their factual contentions if the results of their discovery reveal a need to do so.

   a. **Plaintiff's Position**

Plaintiff Brian Patrick Tucker previously worked as a material handler at a FedEx facility in Oakland from October 8, 2001 until his termination on or about February 15, 2006. Plaintiff alleges seven causes of action: Wrongful Termination in Violation of Public Policy; Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Discrimination Based on Disability in Violation of FEHA; Discrimination Based on Disability in Violation of Public Policy; Discrimination Based on Race in Violation of FEHA; and Discrimination Based on Race in Violation of Public Policy.

Plaintiff seeks damages consisting of past and future loss of earnings, bonuses, commissions, deferred compensation, and other employment benefits, damages relating to physical, mental and emotional distress, and other special and general damages according to proof, punitive damages, as well as costs and attorneys' fees.

   b. **Defendant's Position**

Defendant denies that it engaged in any wrongful or discriminatory practices whatsoever. Moreover, Plaintiff's claims are barred by the applicable statutes of limitations. Plaintiff's claims are also barred because he failed to exhaust his administrative remedies. Defendant terminated Plaintiff's employment because Plaintiff received three discipline letters within one year in violation of the FedEx policies. Defendant had an honest, reasonable, good faith belief in the facts on which it based its acts, omissions and conduct taken with respect to Plaintiff and all acts were undertaken for legitimate, non-discriminatory and non-retaliatory business reasons that were not in violation of any law or FedEx policy. Plaintiff was an at-will employee, and Defendant denies that its handbooks, manuals, policies, or procedures are contractual. Defendant denies that it breached any alleged contract with Plaintiff and also denies that it breached the covenant of good faith and fair dealing. Defendant denies that Plaintiff has suffered any adverse employment action as a result of alleged discrimination based on disability or race. Defendant denies that it intentionally or negligently inflicted emotional distress on Plaintiff. Defendant denies that Plaintiff is entitled to any past or future wages or any other damages. Plaintiff is not entitled to punitive damages because he cannot meet his burden as Defendant did not act with oppression or malice.

3. **Legal Issues:**
- Whether Plaintiff can prove wrongful termination in violation of public policy.
- Whether Plaintiff can prove the elements necessary to establish a claim for breach of contract.
- Whether Defendant breached the covenant of good faith & fair dealing.
- Whether Defendant engaged in disability discrimination in violation of California Government Code § 12940.
- Whether Plaintiff can meet his burden of proof under the *McDonnell Douglas-Burdine-Hicks* burden shifting analysis to prove disability

discrimination.

- Whether Plaintiff can prove disability discrimination in violation of public policy.
- Whether Defendant engaged in race discrimination in violation of California Government Code § 12940.
- Whether Plaintiff can meet his burden of proof under the *McDonnell Douglas-Burdine-Hicks* burden shifting analysis to prove race discrimination.
- Whether Plaintiff can prove race discrimination in violation of public policy.
- Whether Defendant can meet its burden with respect to any of the affirmative defenses pled in its Answer.

### 4. Motions:

There are no pending motions. Plaintiff anticipates bringing a Motion for Summary Judgment or, in the Alternative, for Summary Adjudication. Defendant anticipates bringing a Motion for Summary Judgment or, in the Alternative, for Summary Adjudication.

### 5. Amendment of Pleadings:

None anticipated at this time. Defendant proposes a deadline for Plaintiff to amend his pleadings no later than June 30, 2008 and a deadline for Defendant to amend its pleadings no later than July 14, 2008.

### 6. Evidence Preservation:

At the outset of this litigation, Defendant immediately instructed Plaintiff's management team, as well as all of the custodians of his personnel file, to preserve any and all files and information they have concerning Plaintiff, including emails and electronically stored information, and to provide such files and information to defense counsel.

### 7. Disclosures:

The parties have agreed to make their initial disclosures pursuant to FRCP 26(a)(E).

**8.    Discovery:**

Defendant served written discovery on March 10, 2008. To date, Plaintiff has not timely responded. Defendant timely served a notice of deposition to Plaintiff setting his deposition for April 24, 2008. The scope of discovery included, but will not be limited to: (1) whether Plaintiff can establish each element of the causes of action alleged in his Complaint against Defendant; (2) whether Plaintiff has sustained any compensatory damages as a result of Defendant's alleged unlawful conduct; (3) whether Defendant's alleged conduct entitles Plaintiff to an award of punitive damages; (4) whether Defendant's alleged conduct entitles Plaintiff to compensatory damages including past and future earnings; and (5) whether Defendant can sustain its burden of proof with regard to any of the affirmative defenses it asserted.

The parties submitted Joint Case Management Statement to the Honorable Martin J. Jenkins on November 19, 2007 with proposed deadlines. The Honorable Jenkins, the previously assigned judge in this matter, issued an Order dated December 6, 2007, setting trial for November 3, 2008 at 8:30 a.m.; pre-trial conference set for October 28, 2008 at 3:30 p.m. Both parties have already served their initial disclosures.

**9.    Class Actions:**

N/A.

**10.   Related Cases:**

None.

**11.   Relief:**

Plaintiff contends that the computation of damages will rely on discovery, evaluation by Plaintiff, and expert testimony. All relevant information regarding damages will be made available in accordance with the Federal Rules of Civil Procedure once such testimony is available and disclosure is required.

Defendant contends that any alleged past or future loss of earnings for which it may be held liable must be reduced by Plaintiff's actual interim earnings and amounts earnable with reasonable diligence. Defendant is also entitled to an offset with regard to any unemployment compensation or workers' compensation benefits Plaintiff received post-termination.

**12. Settlement and ADR:**

The prospects for settlement are slim at this time. There have been no ADR efforts to date. The Honorable Jenkins, the previously assigned judge, issued an Order dated December 6, 2007 requiring that the parties conduct a Settlement Conference before Magistrate Judge Laporte in October 2008. The parties may agree to an earlier mediation date if circumstances warrant it.

**13. Consent to Magistrate Judge For All Purposes:**

The parties do not consent to having a magistrate judge conduct all further proceedings in this matter.

**14. Other References:**

No.

**15. Narrowing of Issues:**

No narrowing of issues can be accomplished at this time.

**16. Expedited Schedule:**

No.

**17. Scheduling:**

The parties submitted Joint Case Management Statement to the Honorable Martin J. Jenkins on November 19, 2007 with proposed deadlines. The Honorable Jenkins, the previously assigned judge in this matter, issued an Order dated December 6, 2007, setting trial for November 3, 2008 at 8:30 a.m.; pre-trial conference set for October 28, 2008 at 3:30 p.m. Both parties have already served their initial disclosures.

**18. Trial:**

JOINT CASE MANAGEMENT STATEMENT

|   |   |
|---|---|
| 1 | The parties submitted Joint Case Management Statement to the Honorable Martin J. Jenkins on November 19, 2007 with proposed deadlines. The Honorable Jenkins, the previously assigned judge in this matter, issued an Order dated December 6, 2007, setting trial for November 3, 2008 at 8:30 a.m.; pre-trial conference set for October 28, 2008 at 3:30 p.m. Both parties have already served their initial disclosures. Plaintiff requested a jury trial, which the parties expect to last 7 to 10 days. |

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Defendant filed a Notice of Certificate of Interested Entities or Persons Pursuant to Local Rule 3-16 on August 29, 2007. Defendant also filed a Corporate Disclosure Statement on August 29, 2007.

**20.   Such matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None at this time.

DATED: April 11, 2007                Respectfully submitted,

/S/ Stacey O. Jue

By: _____
STACEY O. JUE
Attorney for Defendant  FEDERAL EXPRESS CORPORATION dba FEDEX EXPRESS erroneously sued as "FEDERAL EXPRESS" and "FEDEX EXPRESS"

722022

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation dba FedEx Express, 2601 Main Street, Suite 340, Irvine, California 92614.

On April 11, 2008, I served the within document(s):

JOINT CASE MANAGEMENT STATEMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with OC Corporate Courier to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight
delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

**Brian Patrick Tucker**
**14178 Tiburon Road**
**San Leandro CA 94577**
**Tel: 510-315-0497**

☐ *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on the 11th of April, 2008, at Irvine, California.

_____
Renee K. Aven